NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWS INDIA USA, LLC, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 2:12-cv-06997 (DMC)(JBC) |
| VIBRANT MEDIA GROUP, LLC, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff News India USA, LLC ("Plaintiff") for Default Judgment and Permanent Injunction against Defendant Vibrant Media Group, LLC ("Defendant") and upon the Cross-Motion of Defendant to Vacate the Default pursuant to FED. R. CIV. P. 55(c) and to Dismiss pursuant to FED. R. CIV. P. 12(b)(2). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's Motion for Default Judgment and Permanent Injunction is **denied**, Defendant's Cross-Motion to Vacate the Default is **granted**, and Defendant's Cross-Motion to Dismiss is **denied**.

## I. BACKGROUND[1]

Plaintiff is a limited liability company organized and existing under the laws of New Jersey. Plaintiff owns the federally registered trademark "*Desi Talk*" under Registration Number

---

[1] The facts from this section are taken from the parties' pleadings.

1

3,092,409 (the "Trademark"). Plaintiff also owns all assets of Desi Talk, Inc., a New York corporation. Plaintiff operates a print and online weekly Indian American newspaper, concerning issues of interest to the Indian American community throughout the United States. Plaintiff's online version of the newspaper is located at www.desitalk.com. The Trademark has been used in commerce continuously since 1997.

Defendant is a limited liability company with its principal place of business in Hoffman Estates, Illinois. Defendant promotes and distributes a newspaper under the name "The Desi Times" and operates a website at www.thedesitimes.com. Defendant's only office is in Illinois and all of its employees are in Illinois. Defendant does not publish, distribute, or sell its newspaper in New Jersey and it does not have any vendors in New Jersey.

Plaintiff alleges that Defendant's newspaper and website are extremely similar in sound, look, and appearance to the Trademark and that Defendant is deliberately attempting to confuse, mislead, and deceive the public, as well as trade upon the good will of the Trademark and Plaintiff's reputation in the industry. Plaintiff claims that Defendant's newspaper and website have resulted in, and will continue to result in, significant customer confusion and will tarnish Plaintiff's reputation and the good will of the Trademark.

Plaintiff filed the instant Complaint on November 9, 2012 alleging i) infringement of a federally registered trademark; 2) false designation of origin of services under federal law; 3) common law unfair competition; 4) statutory unfair competition; 5) trademark dilution and injury to business reputation; and 6) false designation of origin under state law (ECF No. 1). Plaintiff filed a Request for Entry of Default on February 14, 2012 (ECF No. 6), and an Entry of Default was subsequently made due to Defendant's failure to plead or otherwise defend. Plaintiff filed a Motion for an Entry of Default Judgment and Permanent Injunction on February 8, 2013 (ECF

No. 7). On February 14, 2013, Defendant filed an Opposition to Plaintiff's Motion for Default Judgment and a Cross-Motion to Vacate the Default and to Dismiss for Lack of Jurisdiction ("Def.'s Mot.," ECF No. 8). On February 25, 2013, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction ("Pl.'s Opp'n," ECF No. 9). In its Opposition, Plaintiff asks that if the Court does not find that there is personal jurisdiction over Defendant, the Court allow a period of jurisdictional discovery.

## II. ANALYSIS

### A. Motion to Vacate Entry of Default

Plaintiff has moved for an entry of Default Judgment and Permanent Injunction and Defendant has made a Cross-Motion to Vacate the Default. Under Federal Rule of Civil Procedure 55(c), an entry of default can be set aside for "good cause." This determination is within the Court's discretion. Clauso v. Glover, No. 09-05306, 2010 WL 3169597, at *1 (D.N.J. Aug. 11, 2010). An entry of default "is not favored and doubtful cases must be resolved in favor of the non-moving party." Id.; see also Hritz v. Woma Corp., 732 F.2d 1178, 1188 (3d Cir. 1984) (stating that "this court's overriding preference is the disposition of litigated matters on the merits rather than by default"). When deciding whether to vacate an entry of default, the Court must consider "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Clauso, 2010 WL 3169597, at *1 (quoting Sawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419–20 (3d Cir.1987)).

In the instant case, the factors set forth in Clauso favor Defendant. With respect to the first factor, the Third Circuit has stated that prejudice is shown if a party's "ability to pursue the claim has been hindered since the entry of . . . default." Feliciano v. Reliant Tooling Co., Ltd.,

3

691 F.2d 653, 657 (3d Cir. 1982). Plaintiff claims that it will be prejudiced because Defendant's infringement will continue, but it does not claim that its ability to pursue its claim has been affected in any way. With respect to the second factor, as discussed infra, Defendant appears to have a meritorious defense. With respect to the third factor, Defendant has set out a number of reasons as to why it did not respond to Plaintiff's service. Defendant alleges that the person who handles legal matters for Defendant was in India when Defendant was served with process and had difficulty communicating with Defendant's counsel in Illinois due to the time difference (Def.'s Mot. at 4). Defendant also claims that, once it found out that it would be needing counsel in New Jersey, its search for counsel was difficult and time-consuming because Defendant has no contacts in New Jersey (Id.). These explanations show that Defendant's default does not rise to the level of culpable conduct. See Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123-24 (3d Cir. 1983) (defining culpable conduct as "actions taken willfully or in bad faith"). Accordingly, Plaintiff's Motion for Default Judgment and Permanent Injunction is denied and Defendant's Cross-Motion to Vacate the Default is granted.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant has also moved to dismiss this action, arguing that it does not have sufficient contacts with New Jersey to warrant personal jurisdiction. A court has specific jurisdiction over a defendant when the defendant has "'minimum contacts' with the forum state and if asserting jurisdiction based on those contacts comports with 'fair play and substantial justice.'" Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 632 (D.N.J. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Further, the action must be related to these minimum contacts. Id. at 633. A defendant's operation of a website can be sufficient to meet this standard, but there must be evidence that the defendant "'personally availed' itself of conducting activity

4

in the forum state." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). In cases alleging trademark infringement, the plaintiff must show something more than the infringement itself, such as the defendant "knowingly conducting business with forum residents through the website, or by non-internet contacts, such as communications, business trips, or contracts in the forum." Ameripay, LLC, 334 F. Supp. 2d at 633.

Plaintiff alleges that Defendant purposefully directed its actions towards New Jersey by attempting to appeal its newspaper and website to Indian American residents of New Jersey (Pl.'s Opp'n at 6). Plaintiff claims that Defendant did this by allowing individuals to electronically subscribe to its newspaper and allowing clients and customers to purchase advertising space on its website, arguing that this activity is directed towards New Jersey because Defendant's website states that it solicits advertising and marketing throughout the "North American market." (Id. at 7-8). Further, Plaintiff claims that because Defendant's website states that it serves the "non-Resident Indian (NRI) population in North American," and because New Jersey has a very large NRI population, Defendant has specifically availed itself of New Jersey (Id. at 8).

Plaintiff has not set forth any other specific ways that Defendant has availed itself of New Jersey. The fact that Defendant's website targets Indian Americans and there happens to be a large Indian American population in New Jersey is not sufficient. Plaintiff has not alleged that Defendant targeted and accepted subscriptions from New Jersey residents through its website – it has only alleged that such subscriptions are available. See AmeriPay, LLC., 334 F. Supp. 2d at 633 (stating there is a basis for personal jurisdiction over an infringing website when the defendant sells its services to individuals in the forum state); Toys "R" Us, Inc, 318 F.3d at 454 (finding that specific jurisdiction was not present when the record did not "support a finding that

5

[the defendant] knowingly conducted business with residents of New Jersey"); Gourmet Video, Inc. v. Alpha Blue Archives, Inc., No. 08-2158, 2008 WL 4755350, at *4 (D.N.J. Oct. 29, 2008) (stating that "specific jurisdiction is proper where a defendant intentionally reaches out and conducts business in a foreign jurisdiction"). Further, Plaintiff has not alleged that Defendant has any sufficient non-internet contacts with New Jersey, such as business trips or other forms of communication. Therefore, Plaintiff has not shown that this Court has personal jurisdiction over Defendant. However, as discussed supra, Plaintiff's claim will not be dismissed.

### C. Jurisdictional Discovery

Plaintiff asks that if the Court finds that personal jurisdiction is lacking, it allow a period of jurisdictional discovery. The Third Circuit has stated that although the plaintiff bears the burden of establishing personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" Toys "R" Us, Inc., 318 F. 3d at 456 (quoting Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.1997)). Therefore, a request for jurisdiction discovery should be granted if the plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" Id. (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992)).

Here, Plaintiff's claim is not "clearly frivolous" and it has presented facts that suggest that New Jersey may be a proper forum. Defendant operates a website that allows individuals to subscribe to Defendant's product as well as purchase advertising space, and it is possible that Defendant has availed itself of New Jersey through its operation of this website. Therefore, the Court will allow jurisdictional discovery in order to determine whether New Jersey is a proper forum, and Defendant's Cross-Motion to Dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **denied**, Defendant's Cross-Motion to Vacate the Default is **granted** and Defendant's Cross-Motion to Dismiss is **denied**.

/s/ Dennis M. Cavanaugh, U.S.D.J.

Date: September 17, 2013
Original: Clerk's Office
cc: Hon. Joseph A. Dickson, U.S.M.J.
All Counsel of Record
File

7